IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD RUHE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK KRALL and<br>MARIA KRALL,<br><br>　　　　　Defendants. | Case No. 22-cv-00555-DKW-RT<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

　　On January 3, 2023, Plaintiff Richard J. Ruhe, proceeding pro se, filed a Complaint against Frank and Maria Krall, alleging several claims, including tortious interference with parental rights, slander, and negligent and intentional inflictions of emotional distress.  Dkt. No. 1.  Ruhe has also filed an application to proceed in forma pauperis ("IFP Application").  Dkt. No. 3.

## IFP Application

　　Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  While

---

[1]The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

1

Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, Ruhe has made the required showing under Section 1915(a). In his IFP Application, Ruhe alleges he is unemployed and receives $1,300 in unemployment benefits per month. *See* Dkt. No. 3 at 1. He has $500 in checking and savings, owns only an automobile worth $3,000, and owes $25,000 in loans. *Id.* at 2. His rent and transportation costs total $1,695 per month, exceeding his monthly unemployment income by $395. *See id.* He also supports his minor daughter, Calliope Ruhe.[2] *Id.*

The Court finds that these financial circumstances sufficiently demonstrate Ruhe's inability to pay the costs and fees associated with litigation in federal court. Ruhe's income puts him under the poverty guideline for a two-person household in Hawaii,[3] and he has alleged under penalty of perjury and with particularity that he is "unable to pay the costs of these proceedings" while still being able to afford the necessities of life. *See Adkins*, 335 U.S. at 339; *Escobedo*, 787 F.3d at 1234–36.

---

[2] How Ruhe manages the significant monthly deficit evident in his IFP Application is unclear.
[3] *See* HHS Poverty Guidelines for 2023, https://aspe.hhs.gov/poverty-guidelines (last visited Jan. 18, 2023) (stating that the poverty guideline for a two-person household in Hawaii is $22,680 per year or $1,890 per month).

In addition, Ruhe has insufficient assets to provide security. Thus, the Court GRANTS the IFP Application, Dkt. No. 3.

## Service

Because Ruhe has been granted leave to proceed *in forma pauperis*, and because his claims have not been dismissed, the Court finds that service of the summons and Complaint is appropriate.[4]  *See* Fed. R. Civ. P. 4(c)(3). To facilitate service, the Court ORDERS as follows:

1. For each of the two (2) named Defendants, the Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. For each of these named Defendants, Plaintiff shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaiʻi: a completed USM-285 form; a copy of

---

[4]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At this initial stage of the proceedings, and without any responsive pleading from Defendants, the Court has screened the Complaint and finds service of the same to be appropriate.

       the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to each Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs.  *See* Fed. R. Civ. P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint.  For each Defendant, the U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

    a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

      b.     Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Ruhe does not wish to use the U.S. Marshal for service, as outlined above, he may serve Defendants on his own, in compliance with Rule 4 of the Federal Rules of Civil Procedure.

7. Ruhe is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on his own or with the services of the U.S. Marshal, Ruhe must serve

on Defendants or, if applicable, Defendants' attorneys, a copy of all further documents he submits to the Court.  The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf.  Ruhe shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendants or Defendants' counsel, and the manner in which service was accomplished.  Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Ruhe is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi throughout all proceedings in this Court.

IT IS SO ORDERED.

Dated: January 19, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

Richard Ruhe v. Frank Krall, et al; Civil No. 22-00555 DKW-RT; **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**