# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD RUHE, | ) | Civil Action No.  22-00555 DKW-RT |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION TO DISMISS |
| v. | ) | |
| | ) | |
| | ) | |
| FRANK  KRALL, and | ) | |
| | ) | |
| MARIA F. KRALL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

# MEMORANDUM IN SUPPORT OF
# DEFENDANTS FRANK AND MARIA F. KRALLS' MOTION TO DISMISS
# UNDER FED. R. CIV. P., RULES 12(b)(2), 12(b)(3), AND/OR 12(b)(6)

## I.   PERSONAL JURISDICTION DOES NOT EXIST IN HAWAII

a.  **The applicable standard**

Where a non-resident Defendant moves to dismiss due to lack of personal jurisdiction, the "plaintiff has the burden of establishing personal jurisdiction." *Gallagher v. MaternityWise Int'l, LLC*, No. CV 18-00364 LEK-KJM, 2019 WL 961982, at *2 (D. Haw. Feb. 27, 2019) (*citing Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9ᵗʰ Cir. 2004), *and Love v. Associated Newspapers, Ltd*., 611 F.3d 601, 608 (9th Cir. 2010)).  "Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.,* 368 F.3d 1174, 1180 (9th Cir. 2004) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289, n.8 (9th Cir. 1977)).

In the absence of an evidentiary hearing, plaintiffs need only make a *prima facie* showing of facts sufficient to overcome the Motion to Dismiss, uncontroverted allegations in the complaint must be taken as true, and any evidentiary conflicts between declarations must be resolved in favor of Plaintiff.[1]  *Barranco v. 3D Sys. Corp.*, 6 F. Supp. 3d 1068, 1076 (D. Hawai'i 2014) (*citing Love*, 611 F.3d at 608,

---

[1] "It is within the Court's discretion to allow the plaintiff to submit affidavits, allow affidavits plus discovery, or to conduct an evidentiary hearing."  *De Leon v. KBR, Inc.*, No. CIV. 11-00685 ACK, 2012 WL 1606068, at *5 (D. Haw. May 8, 2012) (*citing Data Disc., Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977)).

*and Shwarzenegger*, 374 F.3d at 800)); *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996); *WNS Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989)); *accord Pure, Ltd. v. Shasta Bev., Inc.,* 691 F.Supp. 1274, 1277 (D.Haw.1988).

**b. Exercise of jurisdiction would violate due process.**

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (citing Fed. R. Civ. P. 4(k)(1)(A) ). "Hawaii's long-arm statute allows service on a defendant to the full extent permissible by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution."[2] *Bralich v. Sullivan*, No. CV 17-00547 ACK-

---

[2] The Due Process Clause protects a person's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " The Due Process Clause requires that defendants have "certain minimum contacts with [Hawaii] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." The minimum contacts required mean that the defendant must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking the benefits and protections of the foreign jurisdiction's laws. In applying Due Process Clause requirements, courts have created two jurisdictional concepts— general and specific jurisdiction.

*Gallagher v. MaternityWise Int'l, LLC*, No. CV 18-00364 LEK-KJM, 2019 WL 961982, at *3 (D. Haw. Feb. 27, 2019) (citations omitted).

RLP, 2018 WL 1938297, at *3 (D. Haw. Apr. 23, 2018) (*citing Kowalski v. Anova Food, LLC*, Civ. No. 11-00795 HG-RLP, 2012 WL 3308884, at *3 (D. Haw. Aug. 10, 2012) (citing Haw. Rev. Stat. ("HRS") § 634-35 a*nd Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1156, 1164 (D. Haw. 2003)); *Cowan v. First Ins. Co. of Hawaii*, 61 Haw. 644, 649, 608 P.2d 394, 399 (1980) (Hawaii's long arm statute was adopted to expand jurisdiction of Hawaii's courts to the extent permitted by the due process clause of the Fourteenth Amendment).

"As such, this Court need only decide whether federal constitutional due process permits the exercise of personal jurisdiction over Defendants." *Id* (*citing Schwarzenegger*, 374 F.3d at 800-01); *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991) ("[t]he jurisdictional inquiries under state law and federal due process merge into one analysis" when the state long-arm statute is "coextensive with federal due process requirements.").

"A court's exercise of personal jurisdiction over a nonresident defendant may be either general or specific." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).   Plaintiff can present no straight-faced argument that general personal jurisdiction either exists or has even been alleged.[3]  Moreover, the Kralls, who have

---

[3] As Judge Kay has explained:

> General jurisdiction exists only when the defendant's 'activities in the state are 'substantial' or 'continuous and systematic.' ' Courts in the Ninth Circuit have recognized that the standard for general jurisdiction

neither done business in Hawai'i nor even visited, *see* Declarations of Frank and Maria Krall, obviously have not consented to jurisdiction as further evidenced by the instant Motion to Dismiss. *See Bralich v. Sullivan*, No. CV 17-00547 ACK-RLP, 2018 WL 1938297, at *5 (D. Haw. Apr. 23, 2018).   Accordingly, the Kralls' argument focuses only on specific jurisdiction in regards to the allegations in the Complaint.

### c. The three-part test for specific jurisdiction

The Ninth Circuit applies the following three-part test to determine whether personal jurisdiction exists:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

---

'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'  The Court of Appeals for the Ninth Circuit recently observed that the Supreme Court has only found general personal jurisdiction over a non-resident defendant in one case.

*De Leon v. KBR, Inc.*, No. CIV. 11-00685 ACK, 2012 WL 1606068, at *4–5 (D. Haw. May 8, 2012) (citations omitted).  Here, the Kralls have had literally no contacts with Hawai'i whatsoever and, indeed, have never even been to Hawai'i. *See* Declarations of Frank and Maria Krall.

4

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher [v. Johnson]*, 911 F.2d [1357,] 1361 [ (9th Cir. 1990) ]. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78, 105 S. Ct. 2174, 85 L.Ed. 2d 528 (1985)....

*Gallagher v. MaternityWise Int'l, LLC*, No. CV 18-00364 LEK-KJM, 2019 WL 961982, at *4 (D. Haw. Feb. 27, 2019).

The first prong of the test is "purposeful direction". This requires a finding that Defendants have " 'expressly aimed' their injurious conduct at Plaintiff, such that they knew harm would be suffered in Hawai'i." *Gallagher*, at *5. As to this prong, this Court employs a three-factor "effects" test:

that derives from the Supreme Court's decision in *Calder v. Jones,* 465 U.S. 783 (1984), with a 'focus [ ] on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum.' *Yahoo! Inc. v. La Ligue Contre le Racisme et l'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir.2006) (en banc). The defendant must be alleged to have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.' *CollegeSource,* 653 F.3d at 1077 (citation omitted) (internal quotation marks omitted). 'Thus, courts may exercise personal jurisdiction over a defendant who engages in an intentional act that causes harm in the forum state, even

5

if that act takes place outside of the forum state.' *Wash. Shoe Co. v. A–Z Sporting Goods, Inc.,* 704 F.3d 668, 673 (9th Cir.2012).

*O'Neal v. Century Ins. Co.*, No. CIV. 13-00058 ACK, 2013 WL 4239466, at *7 (D. Haw. Aug. 14, 2013)   "The 'express aiming' requirement is not met where it is merely foreseeable that there will be an impact on individuals in the forum." *De Leon v. KBR, Inc.*, No. CIV. 11-00685 ACK, 2012 WL 1606068, at *6 (D. Haw. May 8, 2012) (citations omitted).

Here, insofar as Mr. Ruhe has alleged intentional acts,[4] Mr. Ruhe has not pled any information about *his own* contact with Hawaii other than he is currently a resident of Hawaiʻi and has a post office box in Honolulu. *Dkt.* 1, p. 2 ¶ 1, PAGEID 1.   Nothing in the complaint shows that any harm would result to anyone in Hawaiʻi at the time of the alleged intentional act, (*i.e.*, the alleged "abduction" of "concealment" of Mr. Ruhe's daughter on January 1, 2020 or the "disparagement" of Mr. Ruhe "at least two months before January 1, 2020", *Dkt.* 1, part III, PAGEID 6).   *See Hunt v. Erie Insurance Group,* 728 F.2d 1244 (9th Cir.1984) (No personal jurisdiction where plaintiff was injured in a car accident in Colorado, then moved to

---

[4] Courts in the Ninth Circuit

> 'construe 'intent' in the context of the 'intentional act' test as referring
> to an intent to perform an actual, physical act in the real world, rather
> than an intent to accomplish a result or consequence of that act.'

*Schwarzenegger,* 374 F.3d at 806.

California, and sued her insurance company for bad faith in California); *see also Petrik v. Public Service Mutual Insurance Co.,* 879 F.2d 682 (9th Cir.1989) (assertion of personal jurisdiction would violate due process where plaintiff moved to Montana after suffering injury in another state, symptoms of injury manifested in Montana, and lawsuit brought in District of Montana)*; see e.g. Rudolph v. Topsider Bldg. Sys., Inc.*, No. CIV 07-00225 SOM-BMK, 2007 WL 2156089, at *3 (D. Haw. July 24, 2007) ("In examining the purposeful availment requirement [for claims sounding in contract rather than tort], this court analyzes "whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff.") (citations omitted); *Yamashita v. LG Chem, Ltd.*, No. 20-CV-00129-DKW-RT, 2020 WL 4431666, at *8 (D. Haw. July 31, 2020) (same).

Moreover, satisfaction of the "express aiming" prong would require *at least* some allegation that <u>the Kralls knew Mr. Ruhe lived in Hawai'i at the time of the alleged intentional acts</u>. *Gallagher*, *supra*. at *5 (dismissing four Defendants where Plaintiff provided no evidence that those Defendants knew Plaintiff "lived and operated his businesses in Hawai'i, and directed their [allegedly slanderous] comments at the forum.*"*); *compare Chapman v. Krutonog*, No. CV 08-00552 HG-LEK, 2009 WL 10702198, at *5 (D. Haw. Sept. 22, 2009) (finding specific personal jurisdiction where the complaint alleged that Defendants knew the harm would be suffered in Hawai'i).

For the same reasons, and taking the allegations as true, Mr. Ruhe cannot show that the Kralls caused harm that they reasonably knew would be suffered in Hawaiʻi.

Even if Mr. Ruhe had alleged or could amend to allege that he resided in Hawaiʻi at the relevant time and that the Kralls knew of his living arrangements, the complaint still does not satisfy the "purposeful direction" requirement. In *Walden v. Fiore*, 571 U.S. 277 (2014), the Supreme Court held that an allegation that a defendant "engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state, standing alone, is no longer sufficient to support the exercise of specific jurisdiction." *See, e.g., Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069–70 (9th Cir. 2017). In *Walden*, a Georgia law enforcement agent drafted an allegedly false affidavit against a Nevada gambler which resulted in seizure of the gambler's funds. 571 U.S. at 279-81. In holding that the agent was not subject to personal jurisdiction in Nevada, the Court observed that the agent (like the Kralls) "never traveled to, conducted activities within, or sent anything or anyone to Nevada." *Id*. at 288-89. The Court reasoned that the injury from the seized funds was not "tethered to Nevada in any meaningful way" because the gambler "would have experienced this same lack of access in California, Mississippi, or wherever they may have traveled and found themselves wanting more money than they had." *Id*. at 291. Similarly, the alleged "abduction", "concealment" or "disparagement" of Mr. Ruhe's daughter in California cannot be

8

said to target Hawaiʻi.  Mr. Ruhe would suffer the same injury regardless of where he traveled.

Mr. Ruhe has not shown that the Kralls purposefully directed the alleged conduct towards this forum and the case should be dismissed with no further analysis. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

### d.  <u>Personal jurisdiction in Hawaiʻi is not reasonable.</u>

Even if Mr. Ruhe could satisfy the first two prongs of the specific jurisdiction test, the Kralls submit that they more than sufficiently present a "compelling case" that the exercise of jurisdiction would not be reasonable.  *Schwarzenegger,* 374 F.3d at 801–02 (quoting *Burger King,* 471 U.S. at 476–78).

> In making a reasonableness determination, the Court must consider the following factors:
>
> (1) The extent of the defendants' purposeful interjection into the forum state's affairs;
> (2) the burden on the defendant of defending in the forum;
> (3) the extent of conflict with the sovereignty of the defendants' state;
> (4) the forum state's interest in adjudicating the dispute;
> (5) the most efficient judicial resolution of the controversy;
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
> (7) the existence of an alternative forum.
>
> *Fiore,* 657 F.3d at 854.  The Court balances all seven factors, recognizing that none of the factors is dispositive in itself. *Id* .

*De Leon*, *supra*. at *9-10.

As to the first factor, "[t]he smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (citation omitted). As discussed above, the Kralls have not interjected themselves into Hawai'i at all. Krall Decs. ¶ 15. This weighs heavily in favor of the Kralls. *De Leon*, *supra*. at \*9-10.

The second factor has seemingly been subsumed by the finding of a due process violation. *See Panavision Int'l v. Toeppen,* 141 F.3d 1316, 1321, 1323 (9th Cir.1998) (internal citations omitted). The Kralls resubmit that due process would be violated while recognizing that "[r]ecent advancements in communication and transportation ... have greatly reduced the inconvenience once associated with defending in another forum." *Robinson Corp. v. Auto–Owners Ins. Co.,* 304 F.Supp.2d 1232, 1240 (D.Haw. 2003) (citing *Panavision,* 141 F.3d at 1323). Nevertheless, the Kralls have no contacts or resources at all in Hawai'i. This should at least weigh slightly in favor of Defendants. *See De Leon*, *supra*. at \*9-10.

There is no evidence of a conflict in sovereignty between California (the Kralls' residence) and Hawai'i. Indeed, as cited below, California has come closer to recognizing Defendant's claim of tortious interference with parental rights than Hawai'i. This should also weigh in favor of the Kralls. Moreover, the sovereignty

10

of a defendant's state is not a significant consideration in actions between citizens of the United States. *See Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 841 (9th Cir.1986).

"Hawaii has a 'strong interest in providing an effective means of redress for its residents who are tortiously injured.' " *WeR1 World Network v. CyberLynk Network Inc.,* Civ. No. 11–00195 DAE–RLP, 2011 WL 4412181, at *7 (D.Haw. Sept.20, 2011) (citing *Resnick,* 283 F.Supp.2d at 1141). However, Mr. Ruhe's primary claim is a tort that has not even been recognized in Hawai'i. At best this factor should be neutral.

"[C]onsideration of the most efficient judicial resolution is 'no longer weighted heavily given the modern advances in communication and transportation.' " *Panavision,* 141 F.3d at 1323 (citing *Caruth v. Int'l Psychoanalytical Ass'n,* 59 F.3d 126, 129 (9th Cir.1995)). The Kralls submit that Mr. Ruhe could just as easily zoom in or travel to the proper forum as the Kralls could to Hawai'i. There is no evidence that this would be less efficient. This factor should at least slightly favor the Kralls particularly in light of the next factor.

As for the sixth factor, "in evaluating the convenience and effectiveness of relief for the plaintiff, the Ninth Circuit has given little weight to the plaintiff's inconvenience." *WeR1,* 2011 WL 4412181, at *7 (quoting *Panavision,* 141 F.3d at 1324 (internal citations omitted)). "Thus, although it may be more costly and

11

inconvenient for Plaintiff to litigate this action in another forum, this factor weighs only slightly in favor of Plaintiff." *De Leon*, *supra*. at *9-10.

Finally, an adequate alternative forum exists. The claims could have been brought (if at all) in the Central District of California where Defendants reside. *See* 28 U.S.C. § 1391. Plaintiff bears the burden of proving the unavailability of an alternate forum. *Core–Vent Corp.,* 11 F.3d at 1490 (citing *Pacific Atlantic Trading Co. v. M/V Main Exp.,* 758 F.2d 1325, 1331 (9th Cir.1985)). Plaintiff has not satisfied this burden of proving that there is no available alternate forum. This factor should also weighs heavily in favor of Defendants. *See De Leon*, *supra*. at *9-10.

This case should be dismissed.

## II.     VENUE IS IMPROPER

### a. Venue lies in districts where Defendants reside or the acts complained of occurred.

"Venue in federal courts is governed by statute." *Spagnolo v. Clark Cty.*, CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai'i Nov. 24, 2015). Where Defendants are natural persons (as opposed to multi-district corporations, officers of the United States government, or foreign states) venue in actions against that Defendant lies in the following Districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b).

Residency of the Defendant(s) is also statutorily defined as, in the case of natural persons (such as the Kralls), the district in which the Defendants are domiciled:

(1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;

28 U.S.C.A. § 1391(c)(1).

Substantiality as pertaining to the events or omissions giving rise to the claims, 28 U.S.C. 1391(b)(2) "is measured by considering the nexus between the events and the nature of the claims[.]" *Ukai v. Fleurvil*, 2006 WL 3246615, at *3 (D. Haw. Nov. 7, 2006). Specifically, there must be " 'significant events or omissions material to the plaintiff's claim' " that " 'occurred in the district in question, even if other material events occurred elsewhere.' " *Id.* (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis omitted).

Mr. Ruhe can satisfy neither of those statutory requirements.

**b.  The applicable standard.**

Mr. Ruhe, as the Plaintiff, bears the burden of demonstrating that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "Venue is determined at the time the action is commenced." *Haney v. United Airlines, Inc.*, No. 15-CV-00474-VC, 2016 WL 11576197, at *1 (N.D. Cal. Aug. 3, 2016) (citations omitted).

Notably, "[i]n deciding a Federal Rule of Civil Procedure 12(b)(3) motion, the court may consider facts outside the pleadings and need not accept the pleadings as true." *Chey v. Orbitz Worldwide, Inc.*, 983 F. Supp. 2d 1219, 1227 (D. Haw. 2013) (*citing Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty,* 408 F.3d 1250, 1254 (9th Cir.2005)); *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996); *WeR1 World Network v. CyberLynk Network Inc.*, No. CV 11-00195 DAE-RLP, 2011 WL 4412181, at *2 (D. Haw. Sept. 20, 2011).

However, "the trial court must draw all reasonable inferences in favor of the non-moving party resolve all factual conflicts in favor of the non-moving party …" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004) (citations omitted).

Moreover,

When genuine issues of material fact are raised, the district court may hold an evidentiary hearing on the disputed facts. *Id.* "Whether to hold a hearing on disputed facts and the scope and method of the hearing is within the sound discretion of the district court." *Id.* Upon holding a

hearing, "the district court may weigh evidence, assess credibility, and make findings of fact that are dispositive on the Rule 12(b)(3) motion. These factual findings, when based upon an evidentiary hearing and findings on disputed material issues, will be entitled to deference."[1] *Id.* at 1140.

*Holck v. Bank of New York Mellon Corp.*, 769 F. Supp. 2d 1240, 1246 (D. Haw. 2011) (*quoting Murphy*, 362 F.3d 1133).

### c. Plaintiff has not alleged proper venue.

Although the Kralls present their attached Declarations showing that they have no contacts with Hawaii, Mr. Ruhe's allegations in the Complaint do not meet his burden of demonstrating that venue lies in this District. There are no genuine issues of material fact and no inferences could be drawn to change the analysis. Specifically, Mr. Ruhe's [relevant] allegations are:

- in Part I of his complaint, subtitled "Parties", both Defendants' address ("Frank and Maria Krall") are correctly stated as:

  > 1040 Sandown St.
  > La Habra, Orange County
  > California 90631

  *Dkt.* 1, pp. 2-3, PAGEID 2-3.

- in Part II, "Jurisdiction," Mr. Krall states that the "basis of jurisdiction" is that "Defendant Maria Krall is a citizen of California" and that Frank Krall is [also] a citizen of California. *Dkt.* 1, pp. 3, 5, PAGEID 3, 5.

- in Part III, "Statement of Claim," Mr. Ruhe pleads only facts that occurred at the Krall's address in La Habra, CA.  Indeed, the entire Statement of the Claim states:

  > On January 1, 2020 at La Habra, CA, the defendants performed acts that a person of ordinary prudence would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstance because:
  >
  > 1. Abducted Ruhe's minor daughter by concealing her at *their house*.
  >
  > 2. *Harbored* minor's daughter in peril of delinquency and not disclosing her location without Ruhe's consent.
  >
  > 3. Misused ministerial capacity to disparage and induce Ruhe's daughter to cut communication with father at least two months before January 1, 2020 and continuing.

*Dkt.* 1, Part III, PAGEID 6 (emphases added).

Other than Mr. Ruhe's post office box in Honolulu, the Complaint does not even mention Hawaii.  Thus, Mr. Ruhe has not pled and could not plead that venue properly lies in the District of Hawai'i.  And, there is no indication that the case had been transferred from another district for Mr. Ruhe's convenience under 28 U.S.C. § 1404(a).  *See  Paoa v. Marati*, No. CIV. 07-00370JMSLEK, 2007 WL 4563938, at *3 (D. Haw. Dec. 28, 2007).

**d.  Absent a showing that the interests of justice require a transfer, this Court should dismiss the case.**

When the court finds that venue is *improper*, 28 U.S.C. § 1406 requires that the case must be dismissed or, if the interest of justice requires, transferred to the proper district.

**(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406.

This Court has the discretion to decide whether to dismiss or transfer this case pursuant to 28 U.S.C. § 1406.  *Costlow v. Weeks*, 790 F.2d 1486, 1487 (9th Cir. 1986) (finding that District Courts can transfer cases *sua sponte* in the absence of a waiver of venue); *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (affirming dismissal of case based on improper venue following an order to show cause); *Big Island Yacht Sales, Inc. v. Dowty,* 848 F.Supp. 131, 134 (D.Haw.1993) ("[Under 28 U.S.C. § 1406(a), the] decision whether to dismiss or transfer the actions rests within the discretion of the trial court."); *Emrit v. Horus Music Video Distribution*, No. CV 20-00007 JMS-RT, 2020 WL 1822597, at *3 (D. Haw. Apr. 10, 2020) (stating that "[a] district court may raise the issue of defective venue on its own motion, provided it first issues an order to show cause why the case should not be transferred or dismissed") (citations omitted); *Eliason v. United States Dep't of Just.*, No. CV 20-00257 JAO-WRP, 2020 WL 3258407, at *1 (D. Haw. June 16, 2020) (same).

While there is some indication of a Circuit split, "the Ninth Circuit has apparently adopted the position that a court should dismiss a case absent a positive showing on the part of the movant that a transfer of the case would be 'in the interest of justice.' "[5] *Big Island Yacht Sales,* 848 F. Supp. at 134 (*citing Costlow,* 790 F.2d at 1486).

"A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal." *Rosiere v. United States*, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai'i June 1, 2016) (*citing King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992)), *report and recommendation adopted as modified on other grounds*, 2016 WL 3440566 (June 20, 2016); *see also Lee v. Corr. Corp. of Am.*, 525 F. Supp. 2d 1238, 1243 (D. Haw. 2007) (court should evaluate merits of the case).

In examining the claims to decide whether to dismiss or transfer, "the Court considers 'whether the relevant statute of limitations has expired, whether judicial economy would be promoted, whether the action would be re-filed if the case were dismissed, and the relative injustice imposed on the plaintiff and defendant.'" *Daniels v. Nationwide Gen. Ins. Co.,* No. CV 22-00296 JAO-RT, 2022 WL 3228144, at *2–3 (D. Haw. Aug. 10, 2022) (*quoting Grain Millers, Inc. v. Pac.*

---

[5] Presumably the "movant" in this context would be the party requesting the transfer in lieu of dismissal rather than the party filing the Motion to Dismiss. The Kralls believe dismissal is appropriate here.

*Flexpak, Co.*, No. 07-CV-1065-AS, 2008 WL 550124, at *2 (D. Or. Feb. 26, 2008)).

Additionally, this Court has considered "circumstances such as: whether plaintiff

has filed similar actions in other districts … and whether the plaintiff's claim is

frivolous." *Fitten v. McCarthy*, No. CV 19-00520 LEK-WRP, 2020 WL 2736695,

at *7 (D. Haw. May 26, 2020) (*citing Downey v. United States*, CIV. NO. 19-00406

LEK-WRP, 2019 WL 4143288, at *6 (D. Hawaiʻi Aug. 30, 2019); and *Turner v.

Newsom*, CIV. NO. 19-00338 DKW-KJM, 2019 WL 2871138, at *2 (D. Hawaiʻi

July 3, 2019), *certificate of appealability denied*, No. 19-16525, 2019 WL 7835300

(9th Cir. Sept. 30, 2019).

Thus, based on a cursory review of relevant cases of the past decade, this

Court has dismissed numerous cases where plaintiffs have failed to allege sufficient

venue, failed to show cause when provided an opportunity, and/or based upon a

review of Plaintiff's claims. *Daniels v. Nationwide Gen. Ins. Co.*, No. CV 22-00296

JAO-RT, 2022 WL 3228144, at *1 (D. Haw. Aug. 10, 2022) (failed to show cause);

*Kelemete v. Haaland*, No. 21-CV-00306-DKW-KJM, 2022 WL 1471324, at *1 (D.

Haw. May 10, 2022) (cannot transfer to Federal Claims Court); *Ballering v. Morgan

Stanley LLC*, No. CV 20-00527 HG-KJM, 2021 WL 1244021, at *1 (D. Haw. Feb.

4, 2021), *report and recommendation adopted as modified*, No. CV 20-00527 HG-

KJM, 2021 WL 1240627 (D. Haw. Apr. 2, 2021) (Plaintiff would not be time barred

from filing in correct district); *Eliason v. United States Dep't of Just.*, No. CV 20-

00257 JAO-WRP, 2020 WL 3965970, at *4 (D. Haw. July 13, 2020) (dismissing case that could have been brought in Utah where transfer did not appear to serve the interests of justice); *Barth v. Mabry Carlton Ranch, Inc.*, No. CV 20-00104 JAO-KJM, 2020 WL 2840238, at *3 (D. Haw. June 1, 2020) (affirming Judge Mansfield's recommendation to dismiss rather than transfer where Plaintiff opposed transfer); *Emrit v. Horus Music Video Distribution*, No. CV 20-00007 JMS-RT, 2020 WL 1822597, at *4 (D. Haw. Apr. 10, 2020) (Plaintiff failed to show cause); *Emrit v. Reg'l Transit Ctr.*, No. CV 18-00438 HG-KSC, 2018 WL 6843662, at *2 (D. Haw. Nov. 21, 2018), *report and recommendation adopted*, No. CV 18-00438 HG-KSC, 2018 WL 6841822 (D. Haw. Dec. 31, 2018) (dismissal appropriate where Plaintiff was not time barred from refiling in different district); *Rosiere v. United States*, No. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Haw. June 1, 2016), *report and recommendation adopted as modified*, No. CV 16-00260 HG-RLP, 2016 WL 3440566 (D. Haw. June 20, 2016), *aff'd*, 693 F. App'x 556 (9th Cir. 2017) (claims well within statute of limitations and venue lay in several districts); *Migi v. Jett*, No. CIV 09-00028JMS-LEK, 2009 WL 196188, at *1 (D. Haw. Jan. 26, 2009) (does not serve interest of justice to transfer a case that would be dismissed in receiving district).

Less often, cases have been transferred.  This Court has transferred a handful of cases to other districts where binding forum selection clauses in the contracts

between the parties so required. *RM Yogurt Hawaii LLC v. Red Mango Franchising Co.*, No. CV 10-00157 HG-KSC, 2010 WL 11534419, at *1 (D. Haw. June 29, 2010); *Compare Marsh USA, Inc. v. Karasaki*, No. CIV. 08-00149 SOMKSC, 2008 WL 1805662, at *9 (D. Haw. Apr. 22, 2008) (dismissing the case after finding that a forum selection clause was valid and mandatory); *Big Island Yacht Sales, Inc*., 848 F.Supp. 131 (same); *See Cycle City, Ltd. v. Harley-Davidson Motor Co.*, 81 F. Supp. 3d 993, 1000 (D. Haw. 2014) (dismissal for *forum non conveniens* appropriate where forum selection clause selects a state court).  At least three cases were transferred where the claims would be time-barred if Plaintiff were required to refile the claims in the proper district.  *Fitten v. McCarthy*, No. CV 19-00520 LEK-WRP, 2020 WL 2736695, at *7 (D. Haw. May 26, 2020); *Peterson ex rel. Peterson v. Beattie*, No. CIV. 05-00657 JMS/KS, 2006 WL 1119159, at *4 (D. Haw. Apr. 24, 2006); *Ukai v. Fleurvil*, No. CIV 06-00237 JMS/KSC, 2006 WL 3246615, at *4 (D. Haw. Nov. 7, 2006).  And, in one case, this Court declined to entertain Clark County Nevada's invitation to decide the merits of the case in determining whether the interests of justice required a transfer.  *Spagnolo v. Clark Cnty.*, No. CV 15-00093 DKW-BMK, 2015 WL 7566672, at *3 (D. Haw. Nov. 24, 2015); *compare Lee v. Corr. Corp. of Am.*, 525 F. Supp. 2d 1238, 1243 (D. Haw. 2007) (Court should evaluate the merits of the case, and declining to dismiss in absence of allegations that Plaintiff filed the case in bad faith).

Examining this Plaintiff's claims, this Court should *dismiss* rather than transfer this lawsuit.

### III.   THIS CASE SHOULD BE DISMISSED RATHER THAN TRANSFERRED.

#### a.  Hawai'i has not recognized tortious interference with parental rights.

First, Plaintiff's entire jurisdictional basis relies on diversity jurisdiction. *Dkt.* 1, pp. 2-5, PAGEID 2-5. Thus, Plaintiff necessarily relies on Hawai'i state law tort. Hawai'i has not recognized tortious interference with parental rights. The undersigned believes that, presented with the right case, the Hawai'i Supreme Court would adopt the commonlaw tort of tortious interference with parental rights. *See Wyatt v. McDermott*, 283 Va. 685, 692, 725 S.E.2d 555, 558 (2012) (observing that the Supreme Court has found that a parent's right to raise their children is one of the strongest due process guarantees); *Kessel v. Leavitt*, 204 W. Va. 95, 133, 511 S.E.2d 720, 758 (1998). However, it is unclear what elements the tort would entail and whether those elements would comport with those of California.[6] *See Surina v. Lucey*, 168 Cal. App. 3d 539, 542, 214 Cal. Rptr. 509, 511 (Ct. App. 1985). Plaintiffs respectfully submit that a case based on a complaint with all of the procedural and substantive issues present at hand is not the case to certify such questions to the

---

[6] The Kralls, therefore, cannot challenge the sufficiency of Mr. Ruhe's pleading in this regard at this time. However, should it prove necessary in the future, the Kralls wish to preserve the opportunity to raise the issue of the sufficiency of the pleading under Fed. R. Civ. P., Rule 12(b)(6).

Hawai'i Supreme Court.  Moreover, the Kralls raise Hawai'i's lack of any statutory basis or recognition of the commonlaw tort as an independent basis for dismiss pursuant to Fed. R. Civ. P., Rule 12(b)(6).

### b. The statute of limitations has expired.

Second, the statute of limitations applicable to Mr. Ruhe's claims has expired.

> To determine the statute of limitations for Plaintiff's state law claims, this Court looks to Hawaiian limitation periods. Section 657–7 of the Hawaii Revised Statutes provides that 'actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued.'

*Linville v. State of Hawai"i*, 874 F. Supp. 1095, 1104 (D. Haw. 1994).  This Court has repeatedly held that the two-year limitation, HRS § 657-7, applies to infliction of emotional distress, the precise injury that Mr. Ruhe is alleging.  *Id*.; *Baird v. State Farm Mut. Auto. Ins. Co.*, 11 F. Supp. 2d 1204, 1204 (D. Haw. 1998), *aff'd*, 203 F.3d 830 (9th Cir. 1999) (2 year statute of limitations applies to infliction of emotional distress); *Guillermo v. Hartford Life & Acc. Ins. Co.*, 986 F. Supp. 1334, 1338 (D. Haw. 1997) (same); *C & W Const. Co. v. Bhd. of Carpenters & Joiners of Am., Loc. 745, AFL-CIO*, 687 F. Supp. 1453, 1460 (D. Haw. 1988).

The limitation on slander actions in Hawai'i is also two years.  HRS § 657-4.

Similarly, California's statute of limitations has expired for the alleged tort. CCP § 335.1 (two year statute for wrongful act resulting in injury).  And, California limits slander and defamation actions to one year.  CCP § 340.

In his Complaint filed December 30, 2022, Mr. Krall alleges acts committed on, or two months before, January 1, 2020. *Dkt.* 1, Part III, PAGEID 6.

This case should be dismissed rather than transferred. "Transferring a case that would be dismissed does not further the interest of justice." *Migi v. Jett*, No. CIV 09-00028JMS-LEK, 2009 WL 196188, at *1 (D. Haw. Jan. 26, 2009) (citations omitted); *Froelich v. Petrelli,* 472 F.Supp. 756, 763 (D.Haw.1979) (not in interest of justice to transfer case to California because case would simply be dismissed under the statute of limitations). *Compare Rosiere v. United States*, No. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Haw. June 1, 2016), *report and recommendation adopted as modified,* No. CV 16-00260 HG-RLP, 2016 WL 3440566 (D. Haw. June 20, 2016), *aff'd,* 693 F. App'x 556 (9th Cir. 2017) (dismissing where Plaintiff could refile in appropriate district "well within" statute of limitations).

Moreover, the Kralls raise this issue as an independent basis for dismissal under Fed. R. Civ. P., Rule 12(b)(6). *Harris v. Cnty. of Hawaii*, No. CV 17-00449 RLP, 2017 WL 5163231, at *2 (D. Haw. Nov. 7, 2017) ("A statute of limitations defense can be the basis for a motion to dismiss if it is apparent from the face of the Complaint.") (citations omitted).

Dismissal should (unfortunately) be without prejudice. *In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991).

**c. Plaintiff has not sufficiently pled infliction of emotional distress.**

Plaintiff has not sufficiently pled negligent infliction of emotional distress and Mr. Ruhe alleges no predicate physical injury. *Rodenhurst v. Bank of Am.*, No. CIV. 10-00167 LEK, 2011 WL 4625696, at *12 (D. Haw. Sept. 30, 2011) (dismissing *with* prejudice NEID claim where no predicate physical injury pled) (citing *Doe Parents No. 1 v. State,* 58 P.3d 545, 580 (Haw.2002)).

Further, Plaintiff fails to plead specific facts supporting an inference that the Kralls acted in an intentional or reckless manner or engaged in outrageous conduct. *Id.* Further, Plaintiff's bald assertion of "severe emotional distress" is a legal conclusion and insufficient conclusory allegation. *Id.*

The Kralls rely on these deficiencies as an independent basis for dismissal under Fed. R. Civ. P., Rule 12(b)(6) as well as further support for the Kralls' position that the matter should be dismissed rather than transferred.

<u>**CONCLUSION**</u>

For any and all of the reasons stated above, this matter should be dismissed.

DATED:  Honolulu, Hawai'i, February 1, 2023.

*s/Richard L. Holcomb*
Counsel for Defendants
Frank and Maria Krall
